IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JIM CURRY, AUTUMN MORGAN, KISHONA SMITH, MONIQUA WALKER, STUART ROGOFF, ALYSSA MOSER, and THOMAS MONACO individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MRS. FIELDS GIFTS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION & ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:22-cv-00651-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

Plaintiffs Jim Curry, Autumn Morgan, Kishona Smith, Moniqua Walker, Stuart Rogoff, Alyssa Moser, and Thomas Monaco ("Plaintiffs"), individually on their own behalf and on behalf of all others similarly situated, bring this action under Utah's Notice of Intent to Sell Nonpublic Personal Information Act, UTAH CODE ANN. § 13-37-101 *et seq.* ("NISNPIA" or "Act"), against Mrs. Fields Gifts, Inc. ("Defendant") for the unauthorized disclosure of personal information. *See* ECF No. 2 ("Complaint") ¶¶ 1-4.

Defendant moved this court to dismiss the Complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(1) and 12(b)(6), respectively. *See* ECF No. 14 ("Motion"). However, because this court concludes (i) that it has subject-matter jurisdiction sitting in diversity under 28 U.S.C. § 1332(d); and (ii) that Plaintiffs have stated a claim upon which relief can be granted, Defendant's Motion is **DENIED**.

## BACKGROUND

This action involves the alleged unauthorized sale of personal data in violation of the Utah NISNPIA. Through their Complaint, Plaintiffs request from this court a class certification order under FED. R. CIV. P. 23, a declaration that the Defendant violated that Act, damages as authorized by Utah law, and other fees and costs. *See* Complaint ¶¶ 31-32. The Defendant, in response, argues that the text of NISNPIA precludes this court from hearing a class-action claim brought under that Act. Section 203 of the Act provides, in relevant part:

> (1) A person may bring an action against a commercial entity in a court of competent jurisdiction in this state if:
> (a) the commercial entity enters into a consumer transaction with that person;
> (b) as a result of the consumer transaction described in Subsection (1)(a), the commercial entity obtains nonpublic personal information concerning that person; and
> (c) the commercial entity violates this chapter.
> (2) In an action brought under Subsection (1), a commercial entity that violates this chapter is liable to the person who brings the action for:
> (a) $500 for each time the commercial entity fails to provide the notice required by this section in relation to the nonpublic personal information of the person who brings the action; and
> (b) court costs.
> (3) A person may not bring a class action under this chapter.

*Id*. Ultimately, resolution of the Motion depends on determining whether the class-action bar found in the statute is part of Utah's framework of substantive rights and remedies and thus may not be "abridge[d], enlarge[d] or modifi[ed]" by the Federal Rules. 28 U.S.C. § 2072(b). For the reasons outlined below and under the principles laid out by the Supreme Court in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), this court concludes that it is not. As a result, Rule 23 entitles Plaintiffs to maintain a class action suit in this court.

**LEGAL STANDARD**

Federal courts "are courts of limited subject-matter jurisdiction." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (citing *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004)). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 provides federal question jurisdiction for cases arising under federal law, and § 1332 provides diversity jurisdiction for cases involving diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1331, 1332. The court "must [also], *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (quoting *Tafoya v. United States Department of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action from federal court for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). When a party moves to dismiss an action under Rule 12(b)(1), it "mount[s] either a facial or a factual attack. A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction." *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (citations omitted). "A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction." *Id*. The court may consider relevant evidence in adjudicating a factual attack on subject-matter jurisdiction. *Id*.

Dismissal of a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where the plaintiff fails to state a claim upon which relief can be granted. When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the

plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The complaint must allege more than labels or legal conclusion and its factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

### I. Subject-Matter Jurisdiction

In its Motion, Defendant argues that the Complaint fails to plead facts to support a reasonable inference that this court has subject-matter jurisdiction sitting in diversity because NISNPIA § 203(3) does not allow class actions.[1] Because "[j]urisdiction is power to declare the law," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), courts typically begin with "jurisdictional questions." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007), and this court begins its inquiry by determining whether the Plaintiffs may avail themselves of the class-action mechanism under Rule 23 and therefore provide this court with subject-matter jurisdiction under 28 U.S.C. § 1332.

The contest between Rule 23 and NISNPIA, in turn, is resolved by reference to *Shady Grove*: "a Federal Rule governs over state law (1) when it 'answer[s] the same question' as the state law, and (2) it is not '*ultra vires*.'" *Stender v. Archstone-Smith Operating Tr.*, 958 F.3d 938,

---

[1] Defendant Mrs. Fields apparently seeks to contest the factual basis for Plaintiffs' complaint—namely, that Mrs. Field, Inc. "disclosed private purchase information of the named Plaintiffs to data aggregators, data appenders, and/or data cooperatives in order to supplement its revenue." Motion at 2 n.1. As is discussed below, the truthfulness of this matter is best left to later stages of litigation.

943 (10th Cir. 2020). These two subparts will be referred to as *Shady Grove* Step One and Step Two, respectively.

### A. *Shady Grove* Step One

With regards to *Shady Grove* Step One, the court considers whether Rule 23 answers the same question as the state law. *Stender*, 958 F.3d at 943. This is determined, for example, by considering whether Rule 23 sufficiently broad so as to "answer the question in dispute," *Shady Grove*, 559 U.S. at 398 (majority opinion); *id*. at 421 (Stevens, J., concurring), or whether the Rule is otherwise in "direct collision" with the state statute. *Id*. at at 422 (Stevens, J., concurring). However articulated, *Shady Grove* Step One goes to whether the Federal Rules and state law can be "reconciled." *Id.* at 410 (plurality opinion).

By their plain text, Rule 23 and §203(3) are in direct, unavoidable conflict. Under the former, a class action "may be maintained." FED. R. CIV. P. 23(b). Under the latter, a class action "may *not*" be brought by a person. UTAH CODE ANN. 13-37-203(3) (emphasis added). To overcome this conflict, the Defendant offers a proposed interpretation of Rule 23 that they argue avoids direct collision with § 203(3)—namely, that Rule 23 is merely "permissive," and can therefore "operate[] alongside NISNPIA." Motion at 6. In support of this contention, the Defendant points to a series of district court decisions and orders that either grant motions to dismiss based on the class action bar (sometimes without explanation) or, in some cases, outright hold that Rule 23 is merely permissive.[2]

---

[2] *See Callegari v. Blendtec, Inc.*, No. 2:18-cv-308-DB, 2018 U.S. Dist. LEXIS 190746, at *9 (D. Utah Nov. 6, 2018); *Fullmer v. A-1 Collection Agency, LLC*, No. 4:20-cv-00143-DN-PK, 2022 U.S. Dist. LEXIS 88090, at *5 (D. Utah May 16, 2022) (following *Callegari*); *Fejzulai v. Sam's W., Inc.*, 205 F. Supp. 3d 723, 729 (D.S.C. 2016); *Silver v. Stripe Inc.*, No. 4:20-cv-08196-YGR, 2021 U.S. Dist. LEXIS 141090, at *15 (N.D. Cal. July 28, 2021) ("However, class action relief is

5

But this court respectfully rejects the reasoning offered by these district courts, which is neither binding nor persuasive. The opinion of the *Shady Grove* majority entirely forecloses such a proposition. As a preliminary matter, the court finds it necessary to briefly comment on the Court's decision in *Shady Grove*, including which sections of opinions govern.[3] In *Shady Grove*, three opinions were published. The first, written by Justice Scalia, announced the judgment of the Court. Justice Scalia's opinion was segmented into several parts and subparts. Parts I and IIA of the opinion were joined by Justices Roberts, Thomas, Sotomayor, and (importantly) Stevens, and are therefore controlling. *See Roberts v. C.R. Eng., Inc.*, 321 F. Supp. 3d 1251, 1254 n.12 (D. Utah 2018); *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 n.1 (D.C. Cir. 2015); *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1335 (11th Cir. 2015) ("[I]t is important to note that Justice Stevens joined parts of Justice Scalia's opinion. Those parts, labeled Parts I and II—A, thus were joined by five justices; those parts were the opinion of the Court."). Part IIA is directed to *Shady Grove* Step One.

Part IIB of Scalia's opinion, however, which is directed to the Step Two analysis, was joined only by three other Justices. While Scalia's plurality would ask, at Step Two, only whether the Rule in question "really regulates procedure," *Shady Grove*, 559 U.S. at 411 (plurality opinion), Justice Stevens' concurrence expressed concern that in *some* cases, matters of state law which *seem*

---

unavailable under the statute. Section 13-37-203(3) provides that 'a person may not bring a class action' for violation of the statute.") (citation omitted). While Defendant points to this court's prior decision in *Johnson v. Blendtec, Inc.*, 500 F. Supp. 3d 1271, 1284 (D. Utah 2020) as following *Callegari*, that decision cited *Callegari* only for the issue of failure to state a claim under a Utah deceptive trade practice statute, not for any propositions related to *Shady Grove* analysis.

[3] Hence this court's attention to indicate, at every turn, whether a particular citation to *Shady Grove* refers to the Stevens concurrence or the Scalia opinion and, if the latter, whether each citation points to a portion joined by a majority of the Court or a mere plurality.

traditionally procedural might be so closely interwoven with rights and remedies as to be inseparable. *See id.* at 419 (Stevens, J., concurring). In those cases, Justice Stevens stated in his concurrence, state law should govern as substantive. *Id*. The Stevens concurrence is controlling in the Tenth Circuit as to *Shady Grove* Step Two—that is, the question of whether "the rule at issue was not part of substantive state law." *Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010); *accord James River Ins. Co. v. Rapid Funding, Ltd. Liab. Co.*, 658 F.3d 1207, 1217 (10th Cir. 2011).[4]

Defendant argues, however, notwithstanding the controlling nature of Part IIA, *see* ECF No. 26 at 3, that Stevens' concurrence undermines Scalia's conclusion that Rule 23 created a categorical entitlement to the class action form among litigants. But this argument is incorrect. While Stevens rejects an iteration of Scalia's "categorical" approach under Step Two,[5] he does not contest the characterization of Rule 23 as categorical at Step One insofar as it is categorically *available* to plaintiffs.[6] *Contra* ECF No. 26 at 3.

Further, Defendant's argument that Rule 23 is permissive (rather than categorical at Step One) misunderstands *Shady Grove* for several reasons. First, Part IIA, which binds this court as to Step One, leaves no doubt that Rule 23 is not permissive in the sense that Defendant contends. As the *Shady Grove* majority made clear, Rule 23, by its terms, "creates a categorical rule entitling a

---

[4] This understanding is confirmed by reference to the Stevens concurrence itself, as discussed below, and reflects the understanding of the plurality. *See Shady Grove*, 559 U.S. at 411 ("The concurrence agrees with us that Rule 23 and § 901(b) conflict and departs from us only with respect to the second part of the test, i.e., whether application of the Federal Rule violates § 2072(b).") (plurality opinion; citation omitted). Thus, Tenth Circuit precedent informs this court to set aside Scalia's proposed "categorical" inquiry only under Step Two.

[5] Meaning that Rule 23's procedural nature does not categorically trump every state law.

[6] The position laid out in Part IIA of the Scalia opinion.

7

plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Shady Grove*, 559 U.S. at 398 (majority opinion).[7]

The Court also made clear that Rule 23 should not be read as delineating necessary but not sufficient conditions for the maintenance of a class action in federal court. Rejecting the Second Circuit's attempt to differentiate between "eligibility" and "certifiability," 559 U.S. at 399 (majority opinion), the Court expressly said that Rule 23 "empowers a federal court to certify a class in each and every case where the Rule's criteria are met." *Id*. at 399-400 ("Allstate asserts that Rule 23 neither explicitly nor implicitly empowers a federal court 'to certify a class in each and every case' where the Rule's criteria are met. But that is *exactly* what Rule 23 does: It says that if the prescribed preconditions are satisfied 'a class action may be *maintained*'—not 'a class action may be *permitted*.'") (majority opinion; cleaned up).

Further, the Court emphasized that litigants, rather than courts, "maintain" actions, *id.* at 400 (majority opinion), and that "discretion resid[es] in the plaintiff: He may bring a class action if he wishes." *Id.* (majority opinion). It is in *this* sense that the Supreme Court also declared, just a few months after *Shady Grove* was published, that "class actions are permissive." *Sprint Communs. Co., L.P. v. APCC Servs.*, 554 U.S. 269, 291 (2008). That is, *plaintiffs* may elect the claim-aggregation method of their choosing, be it the class action form (to which they are entitled under Rule 23), or other forms of party joinder otherwise provided for in the Federal Rules.

---

[7] To read "may" in the context of Rule 23(b) as permissive in that sense is to confuse the simple fact that, as five Justices held, the Federal Rules regularly use "may" to confer *categorical* permission, *see, e.g.*, FED. R. CIV. P. 8(d)(2)-(3), 14(a)(1), 18(a)-(b), 20(a)(1)-(2), 27(a)(1), 30(a)(1), as do federal statutes that establish procedural entitlements, *see, e.g.*, 29 U.S.C. § 626(c)(1); 42 U.S.C. § 2000e-5(f)(1); *Shady Grove*, 559 U.S. at 398-99 (majority opinion).

Additionally, because plaintiffs have a general, presumptive entitlement to class actions given they meet the criteria laid out in Rule 23, statutory exceptions to the class action entitlement must be carved out by Congress. *See, e.g.*, 8 U.S.C. § 1252(e)(1)(B); *Shady Grove*, 559 U.S. at 400 (majority opinion). "Congress, unlike New York [or, in this case, Utah], has ultimate authority over the Federal Rules of Civil Procedure; it can create exceptions to an individual rule as it sees fit—either by directly amending the rule or by enacting a separate statute overriding it in certain instances." *Id*. (majority opinion).

In short, Rule 23, as interpreted by a majority of the Supreme Court, stands for the proposition that a plaintiff "may bring a class action if he wishes," *id.* (majority opinion), whereas the Utah statute says precisely the opposite. There is a direct collision, and we must move on to *Shady Grove* Step Two, thereby evading embarkment into *Erie*'s murky waters. *See Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1163 (10th Cir. 2017).[8] Turning back to the

---

[8] However, even assuming, *arguendo*, that this court is bound to look only to the Stevens concurrence, Rule 23 cannot reasonably be interpreted as "permissive" in the sense that discretion resides in the court, rather than the plaintiff, in whether a class action may be maintained. In his concurrence, Justice Stevens, under the heading "Rule 23 Controls Class Certification," states that Rule 23 "must apply" unless its application would violate the Rules Enabling Act. *Shady Grove*, 559 U.S. at 430 (Stevens, J., concurring). That is, Rule 23 governs *unless* there is a Step *Two* issue, under which it is determined whether the Rules Enabling Act is violated. The Stevens concurrence simply cannot support a reading of Rule 23 that can avoid direct collision under Step One.

Further, Stevens takes issue with Justice Ginsburg's proposal to read Rule 23 to cover *only* "those cases in which its application would create no *Erie* problem." *Id.* at 431 (Stevens, J., concurring). To pick and choose when and whether Rule 23 applies in a given case based on *Erie* conflict would be to grant district courts with the sort of "permissive" discretion that some district courts may have contemplated. However, Stevens, following up on the majority's case against the dissent, *id.* at 406 (majority opinion), expressly rejects this sort of choosiness by the courts in deciding when plaintiffs may elect to avail themselves of the class action form as effectively "rewrit[ing] the rule." *Id.* at 430-31 (Stevens, J., concurring); *accord id.* at 406 ("What the dissent's approach achieves is not the avoiding of a conflict between Rule 23 and § 901(b), but rather the invalidation of Rule 23[.]") (majority opinion). This court respectfully suggests that some courts, in straining to avoid conflict between Rule 23 and state class-action bars, may have erred towards

9

controlling majority opinion to conclude discussion of Step One: "Rule 23 unambiguously authorizes *any* plaintiff, in *any* federal civil proceeding, to maintain a class action if the Rule's prerequisites are met. We cannot contort its text, even to avert a collision with state law that might render it invalid." *Id*. at 406 (majority opinion).

### B. *Shady Grove* Step Two

To determine whether Rule 23 is *ultra vires* at *Shady Grove* Step Two, we follow the roadmap provided by Justice Stevens in his concurrence. Thus, this court will consider "whether the federal procedural rule has displaced 'a State's definition of its own rights or remedies,'" *Racher*, 871 F.3d at 1164 (quoting *Shady Grove*, 559 U.S. at 418 (Stevens, J., concurring)). If (and only if) Rule 23 does not interfere with Utah's framework of substantive rights or remedies can it be applied in the instant case as a "valid exercise" of the "rulemaking authority bestowed" on the Supreme Court under the Rules Enabling Act. *Id.* at 422 (Stevens, J., concurring). In some cases, substance and procedure are "so interwoven," as to be inseparable, *id.* at 419-20 (Stevens, J., concurring), and a procedural mechanism may therefore be "so seriously intertwined" so as to be part of framework of substantive rights and remedies. *Id*. at 423 (Stevens, J., concurring).

Justice Stevens' concurrence, however, while not taking Scalia's categorical position as to Step Two, nonetheless emphasizes that the bar for finding a Rules Enabling Act problem "is a high one." *Id*. at 432 (Stevens, J., concurring); *see also* 4 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: FEDERAL RULES OF CIVIL PROCEDURE § 1030 (4th ed. 2017). In fact, "[t]he mere possibility that a federal rule would alter a state-created right is not sufficient. There

---

effectively rewriting Rule 23. Thus, Stevens takes the majority's analysis in Part IIA as a given and begins his argument against the dissent from the starting point that Rule 23 creates a categorical entitlement.

must be little doubt." *Id* (Stevens, J., concurring). "[S]ome effect on the outcome of litigation" is not enough. *Id.* at 433 (Stevens, J., concurring).

Additionally, while Stevens disagreed with Justice Scalia on the proposition that the defining question under Step Two was whether Rule 23 "really regulat[es] procedure," *id.* at 407 (majority opinion); *cf. id.* at 433 (Stevens, J., concurring), there is no indication from his concurrence that he took issue with the characterization of Rule 23 and the class action form as, in the first place, procedural. In fact, the class action seems to be precisely the form of what is "traditionally procedural." *Id.* at 420 (Stevens, J., concurring); *accord Dish Network L.L.C. v. Ray*, 900 F.3d 1240, 1254 (10th Cir. 2018) ("[W]hether a claimant can proceed on behalf of a class is *classically* a matter of procedural rule, not substantive right.") (emphasis added).

Thus, at the starting line before the effort to separate out the procedural from the substantive under Step Two, we must keep in mind that the class action mechanism under Rule 23 is merely a "species of joinder," *Shady Grove*, 559 U.S. at 408 (plurality opinion); *Keepseagle v. Perdue*, 856 F.3d 1039, 1069 n.7 (2017), and therefore presumptively procedural by nature. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332, 100 S. Ct. 1166, 1171 (1980) ("[T]he right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims."); *accord Califano v. Yamasaki*, 442 U.S. 682, 701 (1979). The traditionally procedural class action form in a particular statute must, then, be truly inseparable from the substantive rights and remedies before a Rule Enabling Act problem arises. *Shady Grove*, 559 U.S. at 423 (Stevens, J., concurring).

In essence, then, under Step Two, this court is asked to look to the state statute at issue to differentiate between rights and remedies on the one hand, and procedures on the other, to ensure that Rule 23 does not overstep the boundaries of the Rules Enabling Act or interfere with states' ability to determine the "dimensions" of a state-created claim. *Id.* at 429 (Stevens, J., concurring).

11

This issue can be resolved by reference to the relevant statutory "text and context" alone. *See id.* at 426 (Stevens, J., concurring). Utah's NISNPIA, including § 203, labeled "Liability," at issue here, is cleanly divisible into rights, remedies, and procedures. Surgical removal of the presumptively procedural class-action bar leaves the rights and remedies otherwise provided by the Act totally intact.

In fact, § 203 itself is comprised of three subsections that neatly track these three categories: the first defines the dimensions of the claim and cause of action; the second defines the remedies available to litigants under the Act; and the third, of particular concern in this case, is a matter of procedure. At one greater degree of detail, § 203 is mapped out as follows: § 203(1), together with §§ 201 and 202, including by reference to definitions provided under § 102, provide the *cause of action*—that is, the claim or right. Section 203(1)(a)-(c) thereby outlines the "operative group of facts" that must be pleaded in order to give rise to a basis for suing, *Cause of Action*, BLACK'S LAW DICTIONARY (11th ed. 2019), and thus "defines the dimensions of [the] state-created claim." *Shady Grove*, 559 U.S. at 429 (Stevens, J., concurring) (cleaned up).

Section 203(2), in turn, creates the applicable remedy by defining what "a court can do for a litigant who has been wronged," *Remedy*, BLACK'S LAW DICTIONARY (11th ed. 2019), by creating liability for violating commercial entities amounting to $500 "for each time the commercial entity fails to provide the notice required by this section in relation to the nonpublic personal information of the person who brings the action," along with court costs. UTAH CODE ANN. 13-37-203(2)(a)-(b).

Section 203(3), however, is neither a statement of rights nor one of remedies. It neither dictates what must be pleaded or proved as a cause of action, nor does it determine what a plaintiff *gets* should he prevail on such a claim. Instead, § 203(3) is entirely a matter of procedure, merely

going to the preferred means of joinder and aggregation: "a classically procedural calibration of making it easier to litigate claims in [Utah] courts . . . only when it is necessary to do so, and not making it too easy when the class tool is not required." *Shady Grove*, 559 U.S. at 435 (Stevens, J., concurring). Utah has calibrated the ease of aggregating claims under NISNPIA one way through regulation of its state courts under the Act, and Congress has elected another calibration through Rule 23 in the government of federal courts. In both cases, however, the class action remains a quintessentially procedural claims-processing device and, in the specific case of NISNPIA, is separable from any elements of Utah's "framework of substantive rights and remedies," *id.* at 419 (Stevens, J., concurring), otherwise provided under that Act. The fact that the class-action bar applies only to claims under that Chapter is irrelevant. *Contra* Motion at 8.

Of course, the availability of the procedural mechanism of the class action has "some effect on the outcome of litigation," *id.* at 433 (Stevens, J., concurring), as Defendant wishes to emphasize. *See* ECF No. 26 at 6. It certainly makes it much less "easy" to litigate claims brough under NISNPIA in Utah courts. *Shady Grove*, 559 U.S. at 435 (Stevens, J., concurring). Indeed, as Justice Stevens noted, "[i]t is difficult to conceive of any rule of procedure that cannot have a significant effect on the outcome of a case, and almost "any rule can be said to have . . . 'substantive effects,' affecting society's distribution of risks and rewards." *Id.* at 431-32 (Stevens, J., concurring) (citations omitted). But "difference of degree is relevant to the forum shopping considerations that are part of the Rules of Decision" inquiry, *id.* at 435 (Stevens, J., concurring), and the degree of the effect on outcome or ease here is not so great as to create more than a "little doubt" that the Federal Rule alters a state-created right. *Id.* at 432 (Stevens, J., concurring). Given the feasibility of disentangling the procedural class-action bar from the rest of the Utah statute,

13

while leaving the rights and remedies provided therein intact, this court finds that the "high" bar of finding a Rules Enabling Act violation has not been cleared. *Id.* (Stevens, J., concurring).

Because this court concludes that Rule 23 does not "abridge, enlarge or modify," *id.* at 422 (Stevens, J., concurring), Utah's substantive rights under NISNPIA, it concludes that Rule 23 permits Plaintiffs to "maintain[]" a class action suit. FED R. CIV. P. 23(b). As a result, this court is satisfied that it has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). Defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) is therefore **DENIED**.

## II.     Sufficiency of the Pleadings under Rule 12(b)(6)

Having established that Rule 23 governs, and that this court has subject-matter jurisdiction, the court considers next the sufficiency of the pleadings in light of Defendant's motion to dismiss for failure to state a claim upon which relief can be granted. Defendant bases its motion on the same grounds as discussed above—namely, the NISNPIA § 203(3) bar against class actions. However, for the same reasons as outlined above, this court finds that the bar is inoperative in this court, and Defendant's motion to dismiss Plaintiffs' claim for failure to state a claim upon which relief can be granted is therefore **DENIED**.

Finally, this court sees fit to briefly address Defendant's assertion, included in its reply memorandum, ECF No. 26 at 10-11, that Plaintiffs have waived any argument regarding the factual basis for the suit by failing to address Defendant's contention, Motion at 2 n.1 & 10-11 n.5, that Mrs. Fields did not find Plaintiffs' names in any database rented, sold, or otherwise disclosed for compensation. In support of this line of argument, Defendant points to a few cases that it suggests ought to lead this court to grant its Motion on 12(b)(6) grounds. But no case cited bears even marginal relevance to both the procedural posture and the relevant issues in disposing of the

14

Motion. Although the first, *Kao v. British Airways, PLC*, 2018 U.S. Dist. LEXIS 8969, at *12 (S.D.N.Y. Jan. 19, 2018), at least resolves a motion to dismiss, it stands for a much narrower proposition than that for which Defendant cites it. At issue in *Kao* was a set of plaintiffs' failure to address defendants' argument that the complaint in that case failed to allege a necessary element of a § 1983 claim. *Id*. Here, however, Defendant does not move for dismissal based on failure to allege any necessary element of the NISNPIA claim—instead, the motion is premised on the assumption that, as a matter of law, this court is bound by § 203(3) of that Act, which this court has already rejected.

Next, Defendant seems to suggest that Plaintiffs, by failing to "address Mrs. Field's contention that there is no factual basis for this suit," ECF No. 26 at 11, have either waived any such argument (i.e., that the facts as pleaded in their Complaint are true) or that the court should dismiss the suit for a lack of factual foundation. If Defendant intended the latter—that is, if Defendant seeks to raise an argument that the Complaint should be dismissed for lack of plausible factual basis under, for example, *Iqbal*—then it is, ironically, *Defendant* who has waived such argument. *Herrera v. City of Espanola*, 32 F.4th 980, 990 n.5 (10th Cir. 2022) ("[A] contention central to a moving party's affirmative argument for dismissal raised for the first time in a reply brief is waived."). After all, while Defendant's Motion, in two footnotes, contests Plaintiffs' factual allegations by reference to a November 9, 2022 email (not attached as an exhibit), Defendant does *not* argue for dismissal on *Iqbal* factual-plausibility (or similar) grounds, instead focusing only on the contention that the claim "cannot proceed as a class action." Motion at 3. Thus, Defendant cannot raise such an argument in the reply for the first time under the well-established waiver doctrine described in *Herrera*.

15

Additionally, *Gratz v. Bollinger*, 539 U.S. 244, 289 (2003), cited by Defendant for the proposition that "plaintiffs . . . must allege and show that they personally have been injured," or else face dismissal, is inapt. *Gratz* reviewed cross-motions for summary judgment, not motions to dismiss. *Id.* at 257. Similarly, *Cunningham v. Vivint, Inc.*, No. 2:19-cv-00568-DBB-CMR, 2022 U.S. Dist. LEXIS 113573, at *6 (D. Utah June 23, 2022), which Defendant cites for the proposition that putative class plaintiffs' allegations had "no basis," implying dismissal is proper, is irrelevant to this case's current posture—that decision involved a motion for class certification, not a motion to dismiss for failure to state a claim. Indeed, in that case, the district court had already denied a prior motion to dismiss. *See Barrett v. Vivint, Inc.*, No. 2:19-cv-00568-DBB-CMR, 2020 U.S. Dist. LEXIS 89055, at *1 (D. Utah May 20, 2020).

Thus, despite Defendant's Hail Mary waiver argument and citation to *non sequitur* cases, this court will follow the clear directive to "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff[s]." *Garling v. United States Env't Prot. Agency*, 849 F.3d 1289, 1292 (10th Cir. 2017). Plaintiffs plead unauthorized disclosure under NISNPIA sufficient to support a cause of action at this stage. *See* Complaint ¶¶ 65-74. If Defendant seeks to dispute these factual allegations, they will have ample opportunity to do so at later stages of this litigation. *See Huggins v. Hilton*, 180 F. App'x 814, 816 (10th Cir. 2006) ("[T]he simplified notice pleading standard merely represents the first step in a system adopted to focus litigation on the merits of a claim.") (cleaned up). Footnotes appearing in Defendant's Motion, untethered from substantive argument for dismissal for lack of plausible factual pleading, coupled with an afterthought attack in the reply, cannot overcome this basic element of notice pleading and procedure.

16

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 14, is **DENIED**. To the extent Defendant's statement at ECF No. 26 at 7 n.3 constitutes a motion to certify a question to the Utah Supreme Court, such motion is similarly **DENIED**.

DATED September 28, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge