## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| JIM CURRY, et al.,<br><br>      Plaintiffs,<br>v.<br><br>MRS. FIELDS GIFTS, INC.,<br><br>      Defendant. | **SCHEDULING ORDER**<br><br>Civil No. 2:22-cv-00651-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |
|---|---|

Under Fed. R. Civ. P. 16(b), the Local Rules of Practice, and the Order to Propose Schedule, the parties have agreed to the following [Proposed] Scheduling Order. Upon entry by the Court, the following deadlines will apply and may not be modified without a further court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-6.

**DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE**

**1. PRELIMINARY MATTERS**

| | | | |
|---|---|---|---|
| a. | | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | *11/20/2023* |
| b. | | Participants: *(include the name of the party and attorney, if applicable)*<br>Frank Hedin and Arun Ravindran, Counsel for Plaintiffs<br>Ash Nagdev, Steve Marsden, and Maryann Bauhs, counsel for Defendant | |
| c. | | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | *01/23/2024* |
| | | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and | Yes ☒   No ☐ |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   | service as required by those rules. The right to service by USPS mail is waived. |   |   |

2. **PROTECTIVE ORDER**

|   |   |   |   |   |
|---|---|---|---|---|
| a. |   | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
| b. |   | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: Discovery will necessitate disclosure of, among other things, Defendant's confidential business records and information from Plaintiffs that could be considered nonpublic personal information under Utah law. |   |   |
| c. |   | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br><br>The parties have agreed to use the Court's SPO. |   |   |
| d. |   | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: The parties have agreed to use the Court's SPO. |   |   |

3. **DISCOVERY PLAN**

|   |   |   |   |   |
|---|---|---|---|---|
| a. |   | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☒ | No ☐ |
| b. |   | Discovery Subjects: *(describe the subject areas in which discovery will be needed)*. Among other things,<br><br>Plaintiff's Subjects:<br><br>    1.    whether Mrs. Fields is a "commercial entity" within the meaning of the NISNPIA;<br>    2.    whether Plaintiffs and the class members entered into "consumer transactions" with Mrs. Fields within the meaning of NISNPIA;<br>    3.    whether Mrs. Fields provided the notice required by the |   |   |

|   |   |   |   |
|---|---|---|---|
| | | NISNPIA to Plaintiffs and Class members before they entered into a consumer transaction with Mrs. Fields;<br>    4.    whether Mrs. Fields obtained Plaintiff's and Class members' Private Purchase Information as a result of consumer transactions, and whether such information constitutes "nonpublic personal information" within the meaning of the NISNPIA;<br>    5.    whether Mrs. Fields disclosed Plaintiff's and Class members' Private Purchase Information to a third party for compensation;<br>    6.    whether Mrs. Fields's disclosures of Plaintiffs' and the Class members' Private Purchase Information to third parties violated the NISNPIA;<br>    7.    the number of violations of the NISNPIA, number of class members, and information related to the class members;<br>    8.    Whether the requirements of Rule 23 are satisfied so as to warrant certification of the proposed Class;<br><br>Defendant's Subjects:<br><br>    9.    Whether any named Plaintiff is a resident of Utah;<br>    10.    Whether any Plaintiff engaged in a transaction with Mrs. Fields that was initiated or completed in the State of Utah;<br>    11.    Whether the Utah Legislature's bar on a class action remedy is so intertwined with the remedy provided in NISNPIA that it functions to define the right created by the statute;<br>    12.    Whether Plaintiffs have agreed to resolve any claims they may have against Mrs. Fields by binding arbitration, rather than any court or quasi-judicial forum; and<br>    13.    Whether Plaintiffs have waived the right to bring or participate in any claim conducted on a consolidated, or representative action basis. | |
| c. | | Discovery Phases:<br><br>N/A | |
| d. | | Electronically Stored Information: (describe how the parties will handle discovery of electronically stored information). The parties are negotiating the particulars of an ESI protocol that is consistent with the Sedona principles. The parties will file their ESI agreement promptly. | |

4. **FACT DISCOVERY**

|   |   |   |   |
|---|---|---|---|
| a. | Fact Discovery Limitations— | | |
| | 1. | Maximum number of depositions by Plaintiff: | *10* |
| | 2. | Maximum number of depositions by Defendant: | *10* |

3

|   |   |   |   |
|---|---|---|---|
|   | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | *8* |
|   | 4. | Maximum interrogatories by any party to any party: | *20* |
|   | 5. | Maximum requests for admissions by any party to any party: | *20* |
|   | 6. | Maximum requests for production by one side to the other side: | *100*[1] |
| b. | Other Fact Discovery Deadlines— |   |   |
|   | 1. | Deadline to serve written discovery: | *07/26/2024* |
|   | 2. | Deadline for fact discovery to close: | *08/26/2024* |
|   | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (*optional*) | *7/26/2024* |

5. **AMENDING OF PLEADINGS AND JOINING OF PARTIES**[2]

|   |   |   |   |
|---|---|---|---|
| a. | Plaintiffs' First Amended Complaint |   |   |
|   | 1. | Plaintiffs to file First Amended Complaint (FAC) and withdraw motion for leave to amend. (Defendants hereby stipulate to the filing of the FAC, reserving all rights, including the right to file a motion to dismiss as set forth herein.) | *1/19/2024* |
|   | 2. | Deadline for Defendant to answer, move, or otherwise respond to the FAC. The parties stipulate to the following briefing schedule for Defendants' motion to dismiss. | *2/17/2024* |
|   | 3. | Plaintiffs' response brief to Defendant's motion | *03/01/2024* |
|   | 4. | Defendant's reply in support of any Rule 12 motion it files in response to Plaintiffs' FAC | *03/15/2024* |
| b. | Deadline to file a motion to amend pleadings— |   |   |

---

[1] For clarity, this sets the maximum number of document requests that Plaintiffs (collectively) may serve on Defendant, and the maximum number of document requests that Defendant may serve on Plaintiffs.
[2] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

|   |   |   |   |   |
|---|---|---|---|---|
|   | 1. | Plaintiff: |   | *05/01/2024* |
|   | 2. | Defendant: |   | *05/01/2024* |
| c. | Deadline to file a motion to join additional parties— |   |   |   |
|   | 1. | Plaintiff: |   | *05/01/2024* |
|   | 2. | Defendant: |   | *05/01/2024* |

6. **EXPERT DISCOVERY**

|   |   |   |   |
|---|---|---|---|
| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— |   |   |
|   | 1. | Plaintiffs' Deadline | *07/05/2024* |
|   | 2. | Defendant's Deadline | *08/05/2024* |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— |   |   |
|   | 1. | Plaintiffs' Deadline | *07/05/2024* |
|   | 2. | Defendant's Deadline | *08/05/2024* |
|   | 3. | Rebuttal reports, if any: | *08/19/2024* |
| c. | Deadline for expert discovery to close: |   | *09/09/2024* |

7. **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**[3]

|   |   |   |   |
|---|---|---|---|
| a. | Motion for class certification |   |   |
|   | 1. | Deadline to file any class certification motion | *9/20/2024* |
|   | 2. | Deadline to file opposition brief | *10/18/2024* |
|   | 3. | Deadline to file reply brief | *11/1/2024* |
| b. | Dispositive or potentially dispositive motions: *(including a motion to exclude experts when expert testimony is required to resolve the motion)* |   |   |
|   | 1. | Deadline for filing | *11/04/2024* |
|   | 2. | Deadline for filing opposition | *12/4/2024* |
|   | 3. | Deadline to file replies | *12/18/202* |
| d. | Deadline for filing a request for a scheduling conference for the purpose of setting a trial date if no dispositive motion are filed: |   |   |

---

[3] The court will enter the date in Section 7.d.

**SO ORDERED** this _____ day of _____, 2024.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge

4871-4867-4461\3